UNITED STATES DISTRICT COURT
DISTRICT OF MASSACHUSETTS

| | | |
|---|---|---|
| AUGUSTIN TOT QUIP, | * | |
| | * | |
| Petitioner, | * | |
| | * | |
| v. | * | |
| | * | |
| WARDEN, Detention Center; DAVID | * | |
| WESLING, Field Office Director; TODD | * | Civil Action No. 1:26-cv-12120-IT |
| LYONS, Acting Director U.S. Immigration | * | |
| and Customs Enforcement; MARKWAYNE | * | |
| MULLIN, U.S. Secretary of Homeland | * | |
| Security; TODD BLANCHE, U.S. Attorney | * | |
| General, | * | |
| | * | |
| Respondents. | * | |

MEMORANDUM & ORDER

June 1, 2026

TALWANI, D.J.

Petitioner Augustin Tot Quip is a Guatemalan citizen. Pet. ¶ 3 [Doc. No. 1]. On or about 2024, Petitioner entered the United States without inspection. Id. ¶ 4. On or about May 7, 2026, Petitioner was detained by Immigration and Customs Enforcement ("ICE") agents or other federal agents in Portland, Maine. Id. ¶ 5.

On May 8, 2026, Petitioner filed his Petition for Writ of Habeas Corpus [Doc. No. 1]. Petitioner contends that he is a member of the class certified in Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), appeal filed, No. 26-1094 (1st Cir. Jan. 26, 2026),[1] and that his detention is governed by 8 U.S.C. § 1226(a). Pet. ¶¶ 15–16 [Doc. No. 1]. Accordingly, Petitioner

---

[1] In Guerrero Orellana v. Moniz, 813 F. Supp. 3d 185 (D. Mass. 2025), appeal filed, No. 26-1094 (1st Cir. Jan. 26, 2026), the court entered, as to class members, a declaratory judgment establishing that class members are not subject to detention under 8 U.S.C. § 1225(b)(2) but under 8 U.S.C. § 1226(a) and are thus entitled to "access to consideration for release on bond and/or conditions before immigration officers and Immigration Judges." Id. at 199.

contends that he is entitled to a custody redetermination hearing with strong procedural protections. Id. ¶ 16.

In response, Respondents acknowledge that "the legal issues presented in this Petition are similar to those recently addressed by this Court in Doe v. Moniz, [800 F. Supp. 3d 203 (D. Mass. 2025)], [Elias] Escobar v. Hyde, No. 25-cv-12620-IT, 2025 WL 2823324 (D. Mass. Oct. 3, 2025), Da Silva v. Hyde, No. 25-cv-12638-IT (D. Mass. Oct. 7, 2025), and [Rosa] Venancio v. Hyde, No. 25-cv-12616-IT (D. Mass. Oct. 9, 2025)." Resp. to Habeas Pet. 1 [Doc. No. 6]. Respondents note that "[s]hould the Court follow its reasoning in Doe, [Elias] Escobar, Da Silva and [Rosa] Venancio, it would reach the same result here and order a bond hearing conducted in Immigration Court pursuant to 8 U.S.C. § 1226(a)." Id.

The court finds the reasoning in Doe remains correct. Nothing in the record indicates that Petitioner was detained under 8 U.S.C. § 1225 rather than 8 U.S.C. § 1226. The Board of Immigration Appeals' decision in Matter of Yajure Hurtado, 29 I&N Dec. 216 (B.I.A. 2025), is unpersuasive and does not change the analysis. See Elias Escobar v. Hyde, No. 1:25-CV-12620-IT, 2025 WL 2823324, at *3 (D. Mass. Oct. 3, 2025) (citing cases reaching same conclusion).

The Petition for Writ of Habeas Corpus [Doc. No. 1] is therefore GRANTED as follows:

No later than June 8, 2026, Respondents shall either release Petitioner or provide him a constitutionally-adequate bond hearing pursuant to 8 U.S.C. § 1226(a) and Hernandez-Lara v. Lyons, 10 F.4th 19 (1st Cir. 2021). If the immigration judge declines to conduct such a bond hearing, Respondents shall so advise the court by that date so that this court may conduct the bond hearing. Any decision by the immigration judge to retain Petitioner in custody following a bond hearing pursuant to 8 U.S.C. § 1226(a) shall set forth the reasons for the continued

detention, specifically identifying the basis for any assertion that Petitioner's release would pose a danger or flight risk.

Respondents shall submit a status report on this matter no later than June 22, 2026.

IT IS SO ORDERED.

June 1, 2026                                        /s/ Indira Talwani
                                                   United States District Judge